capacity. Moniz alleged that Judge Costello personally, both inside and outside the courtroom, denied and conspired to deny him constitutional protections and fair proceedings in relation to a criminal and two civil actions Moniz had pending before Judge Costello. Moniz further alleged that Judge Costello made racist comments which reflected negatively upon Moniz's Hispanic heritage.

After analyzing Moniz's complaint in light of the three factors identified by this court, the district court concluded it must abstain from enjoining the pending state court proceedings pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The district court dismissed the complaint without prejudice in an opinion and order entered on September 27, 2001. A separate judgment was entered the same day. Moniz's motion for reconsideration was denied by the district court on November 9, 2001.

On appeal, Moniz argues that: (1) he has sufficiently exhausted his remedies in state court and abstention is therefore inappropriate; (2) incidents of harassment, bad faith, violation of First Amendment rights, and other extraordinary circumstances compel equitable federal intervention; (3) complaints of racial discrimination, denial of equal protection, and violation of civil rights are properly brought to the federal courts; (4) he may be entitled to relief and damages not available in state court and abstention is therefore improper; and (5) he must litigate under the Prisoner Litigation Reform Act and other financial restrictions, taxing his resources so thoroughly that abstention in favor of pursuit of other litigation is unreasonable and unwarranted.

This court reviews *de novo* the district court's decision to abstain. *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir.1997). Upon consideration, we affirm the district court's order and judgment for the reasons stated therein. The specific issues Moniz raises on appeal are without merit. Abstention is appropriate in this case despite his conclusory claims of bad faith, constitutional violations, lack of a damages remedy in state court, and indigency.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

**UNITED STATES of America**
**Plaintiff—Appellee**

v.

**Richard T. SHEPHARD, Jr.**
**Defendant—Appellant**

**No. 00–6683.**

United States Court of Appeals,
Sixth Circuit.

July 26, 2002.

Before SUHRHEINRICH, SILER and GILMAN, Circuit Judges.

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

The court finds that no prejudicial error intervened in the judgment and proceedings in the district court, and it is there-

fore ORDERED that said judgment be and it hereby is affirmed.

**UNITED STATES of America Plaintiff—Appellee**

v.

**Jacques Omar BLACK Defendant— Appellant**

**No. 01–5234.**

United States Court of Appeals, Sixth Circuit.

July 26, 2002.

Before SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

The court finds that no prejudicial error intervened in the judgment and proceedings in the district court, and it is therefore ORDERED that said judgment be and it hereby is affirmed.

**UNITED STATES of America Plaintiff—Appellee**

v.

**Michael King DUNCAN Defendant— Appellant**

**No. 01–5633.**

United States Court of Appeals, Sixth Circuit.

July 26, 2002.

Before SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

The court finds that no prejudicial error intervened in the judgment and proceedings in the district court, and it is therefore ORDERED that said judgment be and it hereby is affirmed.